HEDGER
*vs.*
WARD, &c.
HOBBS, &c.
*vs.*
HEDGER.

---

ORD. PET.

Case 16.

## Hedger *vs.* Ward, &c.
## Hobbs, &c. *vs.* Hedger.

### APPEALS FROM BRACKEN CIRCUIT.

1. Previously to the act of the Legislature of 1810, clerks of County Courts had no authority to take the acknowledgment or proof of deeds for land which did not lie in their counties.

2. A deed nearly fifty years old allowed to be read as evidence in favor of the heir of the grantee, without proof of its execution.

3. A deed by which no title passed, may be read on the part of a defendant to show the extent of his possession, and the particular boundary.

4. The act of the Legislature authorizing conveyances by commissioners appointed by the County Court, does not authorize a conveyance, on the part of the heirs of a husband, of land the inheritance of the wife; and by such conveyance no title passes to the grantee.

5. Where the wife signed a deed purporting to convey on the part of her husband land which was the inheritance of the wife, and acknowledged the deed and relinquished dower in the land—held, that such deed was ineffectual to pass the inheritance of the wife, as the deed contained no language indicating any intention to convey her right of inheritance.

6. The act of 1840 limiting actions by widows or their heirs for lands conveyed by husband and wife, applies only to such conveyances as were defective from want of proper form in the certificate of acknowledgment.

Case stated.

This petition was filed by Nancy B. Hedger, to recover possession of a tract of land in Bracken county, part of a tract of 7,468 acres, patented to James Speed. The plaintiff is one of the children of Benjamin Beall, to whom James Speed, on the 22d of

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

August, 1803, conveyed a part of the land embraced by his patent. This deed, as the clerk of the Mercer County Court certifies, was proved before him on the 23d of August, 1803, and upon that certificate admitted to record in the county where the land lay. The plaintiff first married James G. Lindsay, who died in 1833. In 1838 or '9 she married Hedger, who died in 1845. As one of the heirs of Beall, the plaintiff was entitled to a part of the land described in the conveyance from Speed to her father; and by an act of the Legislature of the 4th of February, 1817, this tract of land was divided between Beall's heirs, and 505 acres thereof allotted to Mrs. Hedger, (then Mrs. Lindsay,) and was conveyed to her by Daniel and Reddick, two of the commissioners appointed by an act of the Legislature of the 1st November, 1822. On the 29th July, 1826, Lindsay conveyed to Christian Spees about 351 acres of the 505 so conveyed to his wife by commissioners as above. Several of the defendants, Ward, &c., claim under this deed from Lindsay to Spees. On the 16th of February, 1830, Lindsay conveyed the remainder of 505 acres of land to J. A. H. Beall, giving a bond for its conveyance which Beall assigned to William and Samuel S. Pepper. The latter, after the death of Lindsay, obtained a conveyance for the land through commissioners appointed by the Bracken County Court. Under this last conveyance, Hobbs, &c., claim to hold the land sued for. All the defendants claim title through Lindsay, the first husband of the plaintiff.

The deed from Lindsay to Spees, by its terms purports to be a deed of bargain and of sale from Lindsay to Spees. The name of the wife is not contained in the body of the deed, nor does it contain any language indicating an intention that the wife was to convey her right of inheritance in the land. She, however, signed the deed, acknowledged it before the clerk, who certifies that she relinquished dower in the land embraced by the deed.

The Circuit Court instructed the jury, in substance, that unless they believe, from the evidence, that the

Hedger
vs.
Ward, &c.
Hobbs, &c.
vs.
Hedger.

plaintiff commenced her suit within three years from the time her right of action accrued, they should find for the defendants. And upon this instruction the jury found a verdict for the defendants claiming under the deed to Spees, and for the plaintiff as to those claiming under the deed to Pepper. The plaintiff has appealed from the judgment as to the finding against her, and Hobbs, &c., as to the finding against them.

*H. Taylor*, for Mrs. Hedger—

The facts in this case show title to the land in contest in the plaintiff, and that her husband, Lindsay, never had title, and she never divested herself of that title. The deed to Spees does not purport to be her deed; and the mere fact that she signed and acknowledged the deed of her husband, and relinquished dower, did not divest her of her right by inheritance.

The statute of limitation, relied on by some of the defendants, can afford them no protection. It has no application to the case, as the plaintiff did not sell or intend to convey her right by inheritance, nor did she unite with her husband in selling. From the recitals in the deed, and the explanations made to her by the justices, she doubtless believed she had but a dower interest in the land. In a note in Greenleaf's edition of *Cruise on Real Property*, I find authority sustaining the principle settled in the case of *Brown vs. Starke*, 3 *Dana*, 316; 9 *Ib*. 217. It is there said that "where the wife joined with the husband in the formal execution of his deed, in the body of which no mention of her, or of the purpose of her signing was made, it was held that this did not operate to bar her of her dower, or otherwise to bind her. He refers to *Catlin vs. Ware*, 9 *Mass. R.* 218; *Lupkin vs. Curtis*, 13 *Ib*. 223; *Powell vs. Manson*, 3 *Mason*, 349; see, also, 4 *Kent*, 59, at top; *Greenleaf's Cruise*, 3 *vol*. 327, top page.

None of the tenants holding under Spees, except George Spees, have relied upon the statute of

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

limitations of 1840. It cannot be made available to any except it be set up and relied on. The Circuit Judge, therefore, erred in not limiting his instruction to such as had relied upon the statute.

The force of the objection to the constitutionality of the act of 1817 is not perceived.

The husband may sell any interest which he may have in the lands of his wife, and it is the duty of those acquiring possession from the husband, of the lands of his wife, upon the termination of that interest, to surrender the land to the wife or to her heirs, and the tenant is not permitted to dispute the title of the wife, or claim under an adverse title. (*Merriman's heirs vs. Caldwell's heirs*, 8 *B. Monroe*, 32; *Miller vs. Shackleford*, 4 *Dana* 278; *same vs. same*, 3 *Ib.* 293.)

But if no title passed by the deed of the commissioners to Mrs. Hedger, she had title as one of the heirs-at-law of her father to the land sued for, and could have recovered whatever was her portion as heir, agreeably to the practice which prevailed in the old action of ejectment.

As to the defendants who claim under the deed from Lindsay to Spees, the first question is, does the deed pass the title of the plaintiff? It is denied that it did pass. The act of 1748, regulating conveyances, provides "that no lands shall pass," &c., "unless the same is made by writing indented, sealed and recorded."

The act of 1785 declares, "that no estate of inheritance," &c., "shall be conveyed from one to another, unless the conveyance be declared by writing, sealed and delivered."

The act of 1796 contains, in substance, the same language. The deed must be in writing, and the instrument must describe the thing conveyed with reasonable certainty. The substantive parts of a deed are, the names of the parties, the consideration, description of the premises, and the nature and duration of the interest intended to be conveyed. Now, in this case, for all the purposes contemplated by the

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

statute, the wife was no party to this deed; but if she is to be regarded as a party to it, then we say that from the recitals in the deed, and her relinquishment of *dower* instead of *inheritance*, it is clear that her title was not sold.

No mistake was committed by the officers who took the privy examination, if the recitals in the deed be true.

The next question is, as to the effect to be given to the act of limitation of 1840. If the view taken of the effect of the deed is correct, then that statute can have no effect whatever in the case. The spirit of the act, in view of the mischief intended to be remedied, is applicable to those cases only where husband and wife have sold and *attempted to convey the wife's inheritance.* It does not embrace cases where such intention is wanting. It says, "that all suits," &c., "for the recovery of lands," &c., "by any female," &c., "where such has or may hereafter, jointly with her husband, execute a deed for a conveyance of her right of inheritance."

Nothing is to be presumed against the title of the wife whilst a *feme covert.* She cannot be estopped but by her deed in writing, made in conjunction with the husband, properly acknowledged upon privy examination, according to the forms of the statute. The indications are, from the title deeds exhibited, that the husband intended, in fact, to sell only his own interest in the land.

The proceedings had in the Bracken County Court, by the Peppers, to obtain a deed through commissioners, is relied upon by the other class of the defendants as presenting an estoppel to the assertion of right by Mrs. Hedger.

This deed by commissioners to Pepper is a void deed. The power of the County Court is merely ministerial, as settled by this court in *Nesbit vs. Gregory,* 7 *J. J. Marshall,* 271; *Short vs. Clay,* 7 *Monroe,* 371. The statute must be strictly pursued, which has not been done in this case. 1. There is no

proof that the bond presented was genuine. 2. No proof of the payment of the consideration. 3. No proof of the assignment of the paper to the Peppers. For these reasons, on the authority of cases last cited, the deed is void.

The bond of Lindsay to Beall, only professes to have been a sale of the interest or title of Lindsay in the land; which is a title by the curtesy. Pepper could only demand, and the commissioners could only convey that right, and no more. This the wife could not resist. The County Court could not say what the commissioners should convey, nor decide any controversy in regard to the right of any other person to the land. There was not then any obligation resting upon Mrs. Hedger to present any claim before the County Court, nor any inference unfavorable to her right to be deduced from her failing to oppose the conveyance, even if notified of the application for a deed.

Lastly, there is no equitable circumstance shown in the case to prejudice the right of Mrs. Hedger to recover her land. She has done no act to mislead or deceive. She is guilty of no fraud.

The court are referred to 1 *Story's Eq.* sections 384 *to* 393. No principle there laid down will affect this plaintiff's rights. No case there put for illustration resembles this.

*W. C. Marshall*, for Ward and others—

As attorney for Ward, Lloyd, &c., claiming under the deed from Lindsay and wife to Spees, for whom the jury found a verdict, a few suggestions why the verdict was right.

The instruction of the court was right. Spees purchased the land in July, 1826, and took possession; cleared, improved, and occupied it from the date of his purchase, and those claiming under him, up to the time of bringing this suit, in January, 1853. J. G. Lindsay died in 1833. Then it was that the right of the widow accrued, if any she had, and

HEDGER
*vs.*
WARD, &c.
HOBBS, &c.
*vs.*
HEDGER.

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

she could have commenced and prosecuted it against Spees and, if the deed did not pass her title, could have recovered. This she failed to do, and Spees and those claiming under him had held the land adversely for more than twenty years before this suit was brought, which is now urged as a bar to her recovery. (*U. S. Dig. page* 459.)

It is contended also that, by the statute of 1840, (3 *Stat. Law*, 413,) Spees and those claiming under him are protected. By that statute the bar began to run against the right of the plaintiff upon the death of Hedger, in 1845, when her husband Hedger died and three years elapsed before suit brought. This statute has been so often applied that remarks would be unnecessary. (*Dobyn's heirs vs. Schoolfield*, 10 *B. Monroe*, 312, and *Pope's heirs vs. Phillips, Ib.* 174.) This court settled the construction of the act of 1840, and this is of the class of cases which the statute intended to meet.

*F. T. Hord*, for Hobbs, &c.

Mrs. Hedger claims under the patent of James Speed, a deed from Speed to Beall, and a deed from commissioners appointed by the Legislature.

1. The deed from James Speed to Beall is dated on the 22d of August, 1803. It was proved before the clerk of the Mercer County Court on the 23d of the same month, and certified to the clerk of Bracken County Court and recorded. Prior to 1810, there was no law authorizing the clerk of one county to receive or certify proof or acknowledgment of deeds for land lying in any other county than that in which the land lay, for record. (*Stat. Law*. 447. *McCullock vs. Mayo*, 1 *Dana*, 522; *Winlock vs. Hardy*, 4 *Litt*. 472.)

2. An act of the Legislature was passed and approved February 4, 1817, appointing commissioners to divide land between Beall's heirs and others, and to make titles; and by this authority it is supposed Enos Daniel and William Daniel made the deed in the record. It does not appear that the act of the

HEDGER
*vs.*
WARD, &c.
HOBBS, &c.
*vs.*
HEDGER.

Legislature was complied with, and therefore we contend this deed did not divest the title of the other heirs of Beall to the land in contest. (*Pierce's heirs vs. Patton,* 7 *B. Monroe,* 168; *Kibby vs. Chitwood's adm'r.* 4 *Monroe,* 94.)

3. J. G. Lindsay, the first husband of Mrs. Hedger, the plaintiff, in February, 1830, sold to his brother-in law, J. A. H. Beall, 155 acres of the land, and in April following Beall sold the same to William and Samuel S. Pepper, and they, in November, 1833, after the death of Lindsay, gave notice to his widow and heirs of an application to be made to the County Court of Bracken for the appointment of commissioners to convey the lands in accordance with the stipulations of the bond of Lindsay given to Beall, and assigned to them. The notice was duly served on Mrs. Lindsay, and upon hearing, the County Court, in this suit, to which she was a party, directed a conveyance of the 155 acres of land to Pepper. By this decision of the County Court, and by the conveyance, we insist the plaintiff is bound and estopped.

Mrs. Lindsay makes no suggestion of her right or claim to the land so as to enable Pepper to resort to Beall or Lindsay's estate for remuneration in case the land could not be had, but permits Pepper to proceed and get his deed through commissioners, and go on and improve the land until 1853, near twenty years after the death of her husband, and his estate squandered, and her brother, Beall, dead, and his estate placed beyond the reach of his vendee. In this state of case, she comes forward and claims the land. If there ever was a case requiring the application of an estoppel, this is one. (*See Tom Davis vs. Warfield,* 8 *B. Monroe,* 542; *Brothers vs. Porter,* 6 *Ib.* 113; *Yancy vs. Holloway,* 7 *Dana,* 233.)

If the defendants, the purchasers from Pepper, should be considered the alienees of Lindsay, they are permitted to show that Mrs. Hedger has no title. That she is bound by the judgment for title, and

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

estopped by her conduct in that case. (*Detheridge vs. Woodruff*, 3 *Monroe*, 244.) The defendants who claim under Pepper moved an instruction embracing this view of the case, which the court refused. They then moved the court for a new trial and that was also overruled—of all which we complain. The second instruction given by the court to the jury, at the plaintiff's instance, is liable to objection.

For these reasons the judgment against those defendants who claim under Pepper should be reversed, to-wit—Pepper, McMath, Dicks, and Huston.

George Spees, who holds under the deed to his father, Christian Spees, relies upon the statute of limitations, that the plaintiff did not sue within three years after the death of her husband, when her right accrued, if any she has.

The original deed to Beall should not have been permitted to go to the jury, as we have no account of its possession, and there was not thirty years possession under it. See the authorities on this subject, 3 *vol. Phillips on Evidence.*

December 25.     Judge SIMPSON delivered the opinion of the Court—

The questions that first present themselves for our determination in these cases, arise upon the evidences of title introduced and relied upon, on the trial, by the plaintiff in the court below.

The deed from Speed to B. Beall, dated in August, 1803, having been proved before the clerk of the Mercer County Court, by the subscribing witnesses thereto, and recorded, on his certificate of that fact, in the County Court of Bracken, where the land was situated, was not duly authenticated, as a recorded instrument. A clerk of a County Court, prior to the passage of the act of 1810, to amend the acts regulating conveyances, had no power to take the acknowledgment or proof of the execution of a deed for land that did not lie in his county. But although the deed was not admissible in evidence as a recorded instrument, yet as the original, and not merely

1. Previously to the act of the Legislature of 1810, clerks of County Courts had no authority to take the acknowledgment or proof of deeds for land which did not lie in their counties.

2. A deed nearly 50 years old allowed to be read as evi-

a copy from the record was produced, and it was of ancient date, being almost fifty years old, and brought forward and relied upon by one of the heirs of the grantee, it was properly allowed to be read in evidence, without any proof of its execution.

We do not deem it necessary to decide whether the deed to the plaintiff, executed by the commissioners under the act of the Legislature passed in 1817, vested the title to the land in her, or was efficacious for any purpose. Be this as it may, it was competent evidence not only to show the extent of the boundary claimed by her, but also to prove the important fact, that the purchasers from her husband acquired and held the possession of the land in controversy under her title. The deed from her husband, as well as the bond he executed, under which the defendants claimed, referred to this commissioners' deed, as the foundation of his title, and proved conclusively that the land he sold belonged to his wife. The purchasers from the husband, having entered under the title of the wife, cannot deny her title, and consequently it was immaterial whether the commissioners' deed was valid or not.

But it is contended that the plaintiff was precluded, by the proceedings had in the County Court, after the death of her husband, from asserting any right to so much of the land in dispute as was included in the bond he executed in his lifetime, and for which a deed of conveyance was made by the County Court Commissioners. If those proceedings were in all respects regular—and whether they were or not we do not deem it necessary to decide—still, nothing passed by the commissioners' deed, as the obligor in the bond had no title which could descend to his heirs. The acts which authorize County Court Commissioners to convey lands, merely provide for the conveyance of the title which has descended to the heirs of a deceased vendor by executory contract. The plaintiff does not claim the land under her husband, nor had he any title which descended to his heirs, and con-

*Margin notes:*

HEDGER
vs.
WARD. &c.
HOBBS, &c.
vs.
HEDGER.

dence in favor of the heir of the grantee, without proof of its execution.

3. A deed by which no title passed, may be read on the part of a defendant to show the extent of his possession, and the particular boundary.

4. The act of the Legislature authorizing conveyances by commissioners appointed by the County Court, does not authorize a conveyance, on the part of the heirs of a husband, of land the inheritance of the wife; and by such conveyance no title passes to the grantee.

HEDGER
vs.
WARD, &c.
HOBBS, &c.
vs.
HEDGER.

sequently the commissioners' deed was wholly inoperative, and passed no title to the grantees. The plaintiff's right to this part of the land sued for was fully established, and a judgment for it was correctly rendered in her favor.

Her right to the residue of the land depends upon the question whether the deed executed by her husband in July, 1826, to Christian Spees, can be regarded as having been executed by her jointly with her husband, for the conveyance of her title to the land. For if it shall be so regarded, then as the cause of action had accrued, more than three years before the commencement of this suit, the limitation provided by the act of 1840, (3 *Stat. Laws*, 413,) applies, and barred her right of recovery.

5. Where the wife signed a deed purporting to convey on the part of her husband land which was the inheritance of the wife, and acknowledged the deed and relinquished dower in the land— held, that such deed was ineffectual to pass the inheritance of the wife, as the deed contained no language indicating any intention to convey her right of inheritance.

Her name is not contained in the body of the deed as one of the grantors, but she signed and sealed it, in conjunction with her husband, and relinquished her right of dower in the land before two justices of the peace. The husband is the sole grantor in the deed; it purports to be a sale and conveyance of his land, and not the land of his wife, and does not contain any language indicating an intention that she was to convey her right of inheritance to the land. Indeed, it may be inferred, from the manner in which the deed was drawn, executed, and certified, that a relinquishment of dower on the part of the wife, was all that was intended to be done by her.

6. The act of 1840 limiting actions by widows or their heirs for lands conveyed by husband and wife, applies only to such conveyances as were defective

The act of 1840 only applies to such deeds as the wife has executed jointly with her husband, for the conveyance of her right of inheritance to the land subsequently sued for by her or her heirs. The object of the Legislature in the passage of the act, was to place a limitation upon such suits, where it appeared that the deed executed by the wife would have been effectual to pass her title to the land, if the officer before whom it was acknowledged by her, had certified in proper form, and not merely that she had relinquished her right of dower.

Would the deed in question have been sufficient to convey the wife's right of inheritance to the land, even if it had been acknowledged by her for that purpose, and certified in due form by the proper officer? By the act of 1796, to reduce into one the several acts for regulating conveyances, (1 *vol. Stat. Law*, *page* 440,) it was enacted, that "when husband and wife shall have sealed and delivered a writing purporting to be a conveyance of any estate or interest; if she appear in court, and being examined privily and apart from her husband by one of the justices thereof, shall declare to him, that she did freely and willingly seal and deliver the said writing, to be then shown and explained to her," &c. "it shall not only be sufficient to convey or release any right of dower thereby intended to be conveyed or released, but be as effectual for every other purpose as if she were an unmarried woman."

From an examination of this provision, as well as of all the other statutes regulating conveyances, it is evident, that to enable the wife to convey her title to land, she must join with her husband in a deed containing apt words of grant, and purporting to be a conveyance by her, as well as by her husband. The instrument of writing must "be shown and explained to her," so that she may fully understand the effect of its execution. This requisition of the law demonstrates conclusively that she is to be one of the grantors in the deed, and that its language must import a sale and conveyance by her. This deed then would not, in its present form, have conveyed to the grantee the wife's right of inheritance in the land, even if it appeared that it had been executed for that purpose. But the manner of its execution, as well as the certificate of the justices of the peace, indicate that no such intention existed, and that a relinquishment of dower merely was contemplated by the parties.

The instruction therefore, of the court below, that the plaintiff could not recover the land embraced by

HEDGER
*vs.*
WARD, &c.
HOBBS, &c.
*vs.*
HEDGER.

from want of proper form in the certificate of acknowledgment.

this deed, unless she commenced her action within three years after her right of action therefor accrued, was erroneous.

Wherefore, the judgment appealed from by the plaintiff in the court below is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.

The judgment appealed from by the defendants, Hobbs and others, is affirmed.